IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
NORTHERN DIVISION

WILLIAM C. BOND,                    *

      Plaintiff *pro se*,        *

    v.                              *        Civil Action No.: 16-02723-DAF

JOHNNY L. HUGHES, et al.,           *

      Defendants.                *

            *

    *    *    *    *    *    *    *    *    *

## PLAINTIFF'S MOTION TO RECUSE AND VACATE THE COURT'S LAST ORDER AT DOCKET NO. 29 WITH AFFIDAVIT OF WILLIAM C. BOND UNDER 28 U.S.C. 144

Comes now plaintiff *pro se*, William C. Bond, under 28 U.S.C. 144, 28 U.S.C. 455(a) & (b)(1), Fed. R. Civ. P. 60, the due process clauses of the U.S. Constitution, and any other rules or laws, and states:

1. Plaintiff adopts and incorporates the facts and arguments presented in his attached MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION TO RECUSE AND VACATE THE COURT'S LAST ORDER AT DOCKET NO. 29 WITH AFFIDAVIT OF WILLIAM C. BOND UNDER 28 U.S.C. 144.

2. Plaintiff adopts and incorporates the facts and arguments presented in his attached AFFIDAVIT OF WILLIAM C. BOND UNDER 28 U.S.C. 144.

3. Plaintiff respectfully requests that the court vacate its last memorandum opinion and order entered at docket number 29 as improvidently issued, and grant any other relief as necessary in the interests of justice.

4. Plaintiff respectfully requests that the court recuse itself from any further adjudication of this matter.

WHEREFORE, for the aforementioned reasons, plaintiff prays the court grants the requested relief expeditiously.

Respectfully submitted,

WILLIAM C. BOND
*Pro Se*
P.O. Box 4823
Baltimore, Maryland 21211
(443) 970-2887
proselitigator@aol.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 21st day of August 2017, copies of **PLAINTIFF'S MOTION TO RECUSE AND VACATE THE COURT'S LAST ORDER AT DOCKET NO. 29 WITH AFFIDAVIT OF WILLIAM C. BOND UNDER 28 U.S.C. 144** were served by Email to: **ALLEN F. LOUCKS**, AUSA, U.S. Attorney's Office, District of Maryland, 36 S. Charles St., 4th Fl., Baltimore, Maryland 21201, allen.loucks@usdoj.gov; and to: **MATTHEW P. PHELPS**, AUSA, U.S. Attorney's Office, District of Maryland, 36 S. Charles St., 4th Fl., Baltimore, Maryland 21201, matthew.phelps@usdoj.gov; and by hand delivery to: **CLERK,** United States District Court for the District of Maryland, Baltimore Division, 101 West Lombard

2

Street, Baltimore, Maryland 21201. The required judge's courtesy copy was also served by FedEx Overnight Delivery, postage prepaid, to: **Hon. DAVID A. FABER**, Senior United States District Judge, 2303 Elizabeth Kee Federal Building, 601 Federal Street, Bluefield, WV 24701.


_____

WILLIAM C. BOND

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
NORTHERN DIVISION

WILLIAM C. BOND,            *

       Plaintiff *pro se*,    *

   v.                   Civil Action No.: 16-02723-DAF

                      *

JOHNNY L. HUGHES, et al.,     *

       Defendants.     *

                      *

    *    *    *    *    *    *    *    *    *

## **AFFIDAVIT OF WILLIAM C. BOND UNDER 28 U.S.C. 144**

1. My name is William C. Bond. I am over 21 years of age. I am competent to testify. I have personal knowledge of the matters set forth herein.

2. I now believe that the presiding judge in this case, the Hon. David A. Faber, has a personal bias and prejudice both against me and in favor of the still unserved defendants.

3. My reasons for this belief are explained in extensive detail in the attached <u>Motion to Recuse and Vacate the Court's Last Order at Docket No.: 29</u>, and its supporting <u>Memorandum</u>, which are adopted and incorporated into this affidavit.

4. I have good cause for failing to have filed this recusal affidavit until this date – I did not believe that actual, provable bias and prejudice by the presiding judge against me and in favor of

the defendants was perfected under the proper legal standard until the court's third (3) order in

this case was entered upon the docket on August 1, 2017, at docket entry number 29, when Judge

Faber seemingly terminated my due process rights.

5. I believe it is biased and prejudicial that Judge Faber believes I should walk away without any

reason given from the more than 2.5 million dollars, in today's money, in physical damages

caused to me by Judge Garbis' alleged and, so far, unexamined misconduct.[1]

6. I also believe it is biased and prejudicial of Judge Faber to falsely and wrongly make out-of-

the-record statements about my conduct and litigation practices as he did in his orders at docket

entry numbers 22 & 29 when I had stated the following to the court in my second amended

complaint at docket entry number 26-2 at ¶ 118:

> 118. Plaintiff has been forced to live with the stress and strain of
> litigation going on now 16 years because of the defendants' illegal
> and unconstitutional acts. During these 16 years, plaintiff has lost
> two homes, all his money, all his personal property, two prized &
> beloved pets, his wife, his step-children, most if not all his friends
> & neighbors, his physical health, has been subjected to gross scorn
> and ridicule, and the prime years of his middle-age have been
> consumed by interests that should have been resolved long ago
> except for malice and hatred toward him by the defendants.

7. Because of Judge Faber's biased and prejudicial treatment of me as just stated, I have lost

---

[1] For example, please see docket entry number 26-2 at ¶¶ 76, 79, 80, 90, & 118, which
itemize just a small portion of the 2001 thru present damages & monies expended relating to this
matter.

additional personal and professional relationships, and have suffered more prejudice in the public

realm since his first ruling on April 12, 2017, at docket entry numbers 22 & 23.


8. This affidavit is made in good faith.


Pursuant to 28 U.S.C. 1746, I declare under the penalty of perjury that the above is true and

correct by my below signature this day, the 21st day of August 2017.


Respectfully submitted,

WILLIAM C. BOND
*Pro Se*
P.O. Box 4823
Baltimore, Maryland 21211
(443) 970-2887
proselitigator@aol.com


## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 21st day of August 2017, copies of plaintiff's **AFFIDAVIT OF WILLIAM C. BOND UNDER 28 U.S.C. 144** were served by Email to: **ALLEN F. LOUCKS**, AUSA, U.S. Attorney's Office, District of Maryland, 36 S. Charles St., 4th Fl., Baltimore, Maryland 21201, allen.loucks@usdoj.gov; and to: **MATTHEW P. PHELPS**, AUSA, U.S. Attorney's Office, District of Maryland, 36 S. Charles St., 4th Fl., Baltimore, Maryland 21201, matthew.phelps@usdoj.gov; and by hand delivery to: **CLERK,** United States District Court for the District of Maryland, Baltimore Division, 101 West Lombard Street, Baltimore, Maryland 21201. The required judge's courtesy copy was also served by FedEx Overnight Delivery, postage prepaid, to: **Hon. DAVID A. FABER**, Senior United States District Judge, 2303 Elizabeth Kee Federal Building, 601 Federal Street, Bluefield, WV 24701.


WILLIAM C. BOND

3

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
NORTHERN DIVISION

WILLIAM C. BOND,                         *

      Plaintiff *pro se*,              *

v.                                       Civil Action No.: 16-02723-DAF

                                         *

JOHNNY L. HUGHES, et al.,                *

      Defendants.                        *

                                         *

*    *    *    *    *    *    *    *    *

## MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION TO RECUSE AND VACATE THE COURT'S LAST ORDER AT DOCKET NO. 29 WITH AFFIDAVIT OF WILLIAM C. BOND UNDER 28 U.S.C. 144

> "A favorable or unfavorable predisposition can also deserve to be characterized as "bias" or "prejudice" because, even though it springs from the facts adduced or the events occurring at trial, it is so extreme as to display clear inability to render fair judgment." Liteky v. United States, 510 US 540, 551 (1994)

## I. INTRODUCTION

Normally, judicial rulings are grounds for appeal, not recusal. But, this court in its recent 2-page

memorandum opinion and order stated:

> **"The Clerk is directed not to accept any further motions to vacate the court's opinion and order or to reopen this action."** (Emphasis added.) (See docket no. 29 at 2.)

This statement by the court has now perfected its earlier threats against plaintiff – threats that are derived from information that is not in the record and that plaintiff has also asserted numerous times are false.

The court has put plaintiff in an impossible position – this case has not been dismissed with prejudice, yet there has not been one scintilla of legal review of plaintiff's first or second amended complaints against the still unserved defendants. Plaintiff has repeatedly pleaded with the court that he is entitled to have his allegations decided upon the merits.

Plaintiff wishes to continue to press his clear due process rights and plausible allegations in the district court, but the court is now not only formally blocking him, but has also again thrown false legal-style ad hominem insults at plaintiff regarding his pleas that he is entitled to a substantive merits review.

In addition, the court has clearly taken the defendants' side by accepting their <u>untested</u> outside-of-the-record affirmations as true while refusing to believe plaintiff's well-pleaded and plausible facts, many of which are supported by extensive exhibits.

These just described events have triggered this instant filing.

## II. FACTS

2

Plaintiff filed a 'narrative-style' 6-count complaint against the Maryland U.S. Marshal, the Maryland FBI SAC, the Maryland U.S. Attorney, and "Unknown Named Maryland U.S. Judges" on July 29, 2016. The district court ordered the named defendants served, while reserving service upon the judges' named representative. The chief judge of the U.S. Fourth Circuit then specially assigned a visiting judge to this matter.

The government assumed defense of their employees and then filed a motion to dismiss. In this motion to dismiss, the government made an affirmative outside-of-the-record statement that claimed federal judges and other public officials were in danger because of "**Plaintiff's communications with them.**" Plaintiff then asked the court to stay and/or toll his response to the government's MTD, and asked the court for discovery as the government had converted their FRCP 12 motion into an FRCP 56 motion.

Several months later, and never allowing plaintiff to respond to the defendants' MTD, the court dismissed plaintiff's action on the basis that the *Bivens* doctrine did not recognize 'supervisor liability' and also that plaintiff had not properly pleaded his damages. The court ignored any explanation for denying plaintiff's stay/toll and discovery motions. Importantly, the court in their memorandum opinion accepted the above-mentioned outside-of-the record statement by the defendants as true, while also insulting plaintiff's litigation history with opinions that could not have been learned from any court record.

3

Plaintiff then filed a first motion to reopen the case and to amend his complaint, now listing the

individual government actors, but re-identifying the judges as "Three Maryland U.S. Judges."

Plaintiff's first amended complaint deleted 3 counts from the original complaint, while greatly

expanding Count VI and listing all his damages under the proper standards of review. Along with

this filing, plaintiff included a confidential letter to the presiding judge, dated May 9, 2017,

disputing the judge's portrayal of his litigation history, which was utterly and provably false. For

example, plaintiff told the judge:

> "[T]he court has made several comments about plaintiff in their
> memorandum opinion at 1-2 and at 26-27 that are both prejudicial
> to plaintiff and unsupported by the record in any of plaintiff's
> federal litigations since 2001. While the court is welcome to
> disagree with plaintiff's position, and disdain his ethical
> questioning of the judiciary, plaintiff is entitled to a court that can
> impartially resolve this instant case – not others."

Nevertheless, the court dismissed plaintiff's first amended complaint on the last day the

government was due to answer the motion – the defendants never did answer – with no other

explanation than to say the dismissal was for the exact same reasons as the original dismissal.

Obviously, as plaintiff had now named the proper parties, in part, and had deleted 3 three counts

while extensively adding to Count VI and pleading his specific damages in great detail, this

ruling was puzzling, as the first amended complaint was dramatically different than the original

complaint from a legal analysis.

4

Next, plaintiff came back to the court with a second amended complaint now naming the individual U.S. judges as additional defendants and further enhancing for the second time his damages pleadings. Along with this filing, plaintiff included a second confidential letter to the presiding judge, dated June 20, 2017, in which he further discussed issues of perceived bias and prejudice toward him.

Yet, the court aggressively rejected without any stated reason plaintiff's good faith efforts to amend his complaint, again for the exact same reasons as the original complaint was dismissed, which, as just discussed above, could not be because of the great differences between the versions of the complaints. The court also reverted to and repeated its insults of plaintiff's litigation style and history, which plaintiff's letters to the court should have thoroughly debunked. Finally, in this order, the court also figuratively slammed the court's door in plaintiff's face and ordered the clerk to not accept any more of plaintiff's filings in this case.

## III. STANDARD OF REVIEW

"First, judicial rulings alone almost never constitute a valid basis for a bias or partiality motion. See United States v. Grinnell Corp., 384 U. S., at 583. In and of themselves (*i. e.,* apart from surrounding comments or accompanying opinion), they cannot possibly show reliance upon an extrajudicial source; and can only in the rarest circumstances evidence the degree of favoritism or antagonism required (as discussed below) when no extrajudicial source is involved. Almost invariably, they are proper grounds for appeal, not for recusal. Second, opinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible. Thus, judicial remarks during the course of a trial that

5

are critical or disapproving of, or even hostile to, counsel, the
parties, or their cases, ordinarily do not support a bias or partiality
challenge. **They *may* do so if they reveal an opinion that derives
from an extrajudicial source; and they *will* do so if they reveal
such a high degree of favoritism or antagonism as to make fair
judgment impossible.**" (Emphasis added.) <u>Liteky v. United States</u>,
510 US 540, 555 (1994).

## IV. ARGUMENT[1]

"When a trial judge personally vouches for the credibility of a
witness, <u>Roberts v. Bailar</u>, 625 F.2d 125 (6th Cir.1980), or states
that he would not believe any witnesses called by a particular
party, <u>Nicodemus v. Chrysler Corp.</u>, 596 F.2d 152 (6th Cir.1979),
recusal is appropriate." <u>Dee v. Institutional Networks Corp.</u>, 559 F.
Supp. 1282, 1285 (S.D.N.Y. 1983).

## A. The court allowing the defense to make an outside-of-the-record affirmative statement, which the court then adopted, proves bias & prejudice

The defendants stated in their MTD:

"The underlying basis for the interviews was concern about the safety of federal judges
and other government officials due to **Plaintiff's communications with them. (Compl.
¶¶ 29, 40).**" (Emphasis added.) (See docket no. 16-1 at 7.)

In response, plaintiff vociferously argued to the court many times that plaintiff never pleaded in

his original complaint at ¶¶ 29 & 40, or at any other paragraph, that he ever made any

threatening communication to a federal judge or official. (See docket nos. 18, 24, 26, & 28.)

---

[1] The court's docket and memorandum opinions and orders and/or orders at docket numbers 22,
25, & 29, are attached as exhibit nos. 1, 2, 3, & 4.

6

Plaintiff also argued to the court that this overt act by the government was not only utterly false, but offensive and discriminatory.[2]

Yet, the court ignored those fact arguments. The court then repeated & adopted the defendants' outside-of-the-record affirmative statement in its first and controlling order three (3) different times:

> 1. **"Plaintiff does not seriously contest that the reason for the interviews was concern about the safety of federal judges and other government officials due to Plaintiff's communications with them**. <u>See</u> Doc. No. 1." (Emphasis added.) (See docket no. 22 at 16.)

> 2. **"The alleged law enforcement visits might have been supported with ample probable cause and/or compelling governmental interests, not necessarily conducted, if conducted they were, with the goal of intimidating Plaintiff (as he alleges)**. <u>See</u> Doc. No. 1." (Emphasis added.) (See docket no. 22 at 20.)

> 3. **"Here it is more likely that Defendants visited Plaintiff and/or sought to arrest him because of <u>bona fide</u> and perfectly lawful concerns about illegal conduct on Plaintiff's part, rather than any retaliation Defendants wanted to inflict on Plaintiff."** (Emphasis added.) (See docket no. 22 at 21.)

**B. <u>The court's outside-of-the-record opinions about plaintiff and/or his litigation history proves bias and prejudice</u>**

Seven times in two different opinions the court made false legal-style ad hominem attacks upon

---

[2] Plaintiff stated at docket no. 28 at 3-4, "[P]laintiff has the right to call this allowed tactic for what it is – **outright discrimination against plaintiff based upon a three-plus-decades-old juvenile record and/or a more than fifteen-year-old expunged adult charge that was soundly defeated**. Not only does the government not possess one conceivable 'threat' made by plaintiff against any public official, should it claim to have one, it should have been produced to the court in its opposition.

plaintiff and his litigation history that were completely outside of the record. Four of the attacks

came after and ignored the facts and evidence raised by plaintiff in his May 9, 2017, confidential

letter[3] to the court disputing the court's unfounded opinions:


1. "In addition, Plaintiff is a frequent litigant before this court. Typically, he alleges various blanket but unspecific violations of his legal rights. He is now admonished that his continuing to file frivolous and vexatious lawsuits may result in an order denying him further access to the court on such matters." (See docket no. 22 at 1-2.)

2. "Plaintiff, it seems, is intent on draining the Federal Judiciary of our 'limited resources.' Zatko v. California, 502 U.S. 16, 18 (1991) (per curiam). The court, therefore, repeats its admonition that Plaintiff should take care not to lose credibility by filing vexatious and frivolous complaints." (See docket no. 22 at 27.)

3. "Plaintiff's becoming such a notorious abuser helps no one, least of all Plaintiff himself." (See docket no. 22 at 27.)

4. "Plaintiff already has been 'admoni[shed]' that '[he] should take care not to lose credibility by filing vexatious and frivolous complaints.' Doc. No. 25. [sic]" (See docket no. 29 at 1.)

5. "[T]he aggregation principle informs the court that were Petitioner's conduct repeated on a nationwide scale, the work of the Federal Judiciary might come to a grinding halt." (See docket no. 29 at 2.)

6. "Additionally, Petitioner's conduct is damaging his own interests." (See docket no. 29 at 2.)

7. "The Clerk is directed not to accept any further motions to vacate the court's opinion and order or to reopen this action." (See docket no. 29 at 2.)


---

[3] Plaintiff respectfully suggests that the court should now put both of plaintiff's "confidential" letters to the court upon the docket.

8

Yet, nowhere did the court ever cite the source or sources for its opinion that plaintiff had an abusive, vexatious, and frivolous litigation history. The court's basis for this unfair and wrong characterization of plaintiff remains entirely unspecified and unknown.

**C. The court ignored the *pro se* standard of review**

Nowhere in any of the court's three memorandum opinions and orders and/or orders, two of which were less than 2 pages long, is there one word of analysis regarding plaintiff's *pro se* status:

> "[T]he Fourth Circuit takes the position that its district courts must be especially solicitous of civil rights plaintiffs. This solicitude for a civil rights plaintiff with counsel must be heightened when a civil rights plaintiff appears *pro se*. In the great run of *pro se* cases, the issues are faintly articulated and often only dimly perceived. There is, therefore, a greater burden and a correlative greater responsibility upon the district court to insure that constitutional deprivations are redressed and that justice is done. So, although the Court of Appeals cannot mean that it expects the district courts to assume the role of advocate for the *pro se* plaintiff, radiations from Burris strongly suggest that **the district court must examine the *pro se* complaint to see whether the facts alleged, or the set of facts which the plaintiff might be able to prove, could very well provide a basis for recovery** under any of the civil rights acts or heads of jurisdiction in the federal arsenal for redress of constitutional deprivations. Accordingly, the Court in considering the defendants' motion to dismiss will not permit technical pleading requirements to defeat the vindication of any constitutional rights which the plaintiff alleges, however inartfully, to have been infringed." (Emphasis added.) <u>Gordon v. Leeke</u>, 574 F.2d 1147, 1173 (4 Cir.1978).

**D. The court offered not one nonconclusory word in explanation about why it denied plaintiff's first and second motions to amend his complaint**

"Rule 15(a) declares that leave to amend 'shall be freely given when justice so requires'; this mandate is to be heeded. See generally, 3 Moore, Federal Practice (2d ed. 1948), 15.08, 15.10. If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be 'freely given.' Of course, the grant or denial of an opportunity to amend is within the discretion of the District Court, **but outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion; it is merely abuse of that discretion and inconsistent with the spirit of the Federal Rules.**" Foman v. Davis, 371 U.S. 178, 182, (1962). See, Edwards v. City of Goldsboro, 178 F. 3d 231 (4th Cir. 1999). See also, Scott v. Family Dollar Stores, Inc., 733 F.3d 105 (4th Cir. 2013).

## V. CONCLUSION

The court has said that plaintiff's attempt to regain his financial & reputational losses[4] is

"damaging his own interests." (See docket no. 29 at 2.) The court has also stated in regard to

plaintiff's Count VI's complaints about his stolen manuscript and his being subjected to an

organized 'fraud upon the court' conspiracy that "plaintiff does not assert a cognizable legal right

this alleged conspiracy actually violates." (See docket no. 22 at 25.)

It is clear, by the court's own acts and words that the court has taken the side of the served and

still unserved defendants in this case. It is also clear that the court will not believe one fact

---

[4] These losses are briefly explained in the attached affidavit.

10

plaintiff proves, including that his Count VI allegations are so plausible that the former Chief, Criminal Division, of the Maryland U.S. Attorney's Office investigated them for close to two years from 2004-2006.[5]

It is perfectly clear by all that has just been recounted above that the court has displayed a deep-seated favoritism toward the defendants and a great antagonism against plaintiff that has made fair judgment in this case impossible.

Plaintiff respectfully requests that the court recuse itself from any further adjudication of this matter and vacate its last memorandum opinion and order entered at docket number 29 as improvidently issued.

Respectfully submitted,

WILLIAM C. BOND
*Pro Se*
P.O. Box 4823
Baltimore, Maryland 21211
(443) 970-2887
proselitigator@aol.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 21st day of August 2017, copies of **MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION TO RECUSE AND VACATE THE COURT'S**

---

[5] Please see: Docket no. 28, especially at the introduction and the conclusion sections.

11

**LAST ORDER AT DOCKET NO. 29 WITH AFFIDAVIT OF WILLIAM C. BOND UNDER 28 U.S.C. 144** were served by Email to: **ALLEN F. LOUCKS**, AUSA, U.S. Attorney's Office, District of Maryland, 36 S. Charles St., 4th Fl., Baltimore, Maryland 21201, allen.loucks@usdoj.gov; and to: **MATTHEW P. PHELPS**, AUSA, U.S. Attorney's Office, District of Maryland, 36 S. Charles St., 4th Fl., Baltimore, Maryland 21201, matthew.phelps@usdoj.gov; and by hand delivery to: **CLERK,** United States District Court for the District of Maryland, Baltimore Division, 101 West Lombard Street, Baltimore, Maryland 21201. The required judge's courtesy copy was also served by FedEx Overnight Delivery, postage prepaid, to: **Hon. DAVID A. FABER**, Senior United States District Judge, 2303 Elizabeth Kee Federal Building, 601 Federal Street, Bluefield, WV 24701.


WILLIAM C. BOND

12

**EXHIBIT 1**

## UNITED STATES COURT OF APPEALS
### FOR THE FOURTH CIRCUIT

———————

Lewis F. Powell, Jr. United States Courthouse
1000 East Main Street
Suite 212
Richmond, Virginia 23219-3517

Chambers of
ROGER L. GREGORY
Chief Judge

Telephone (804) 916-2607
Fax (804) 916-3055

August 11, 2016

Honorable David A. Faber
Senior District Judge – SDWV
601 Federal Street
Bluefield, WV  24701

      Re:  Designation to the United States District Court
          for the District of Maryland
          <u>William C. Bond v. Johnny L. Hughes et al.</u>
          No. 1:16-cv-2723

Dear Judge Faber:

    Enclosed is a Designation for you to sit with the
United States District Court for the District of Maryland.
The designation is made pursuant to 28 U.S.C. § 294(c) in
connection with the above-referenced case.

    I very much appreciate your willingness to assist the
district court in this manner.

                Sincerely,

                Roger L. Gregory

cc:  Honorable Catherine C. Blake, Chief District Judge-DMD
     Honorable Robert C. Chambers, Chief District Judge-SDWV
     Samuel Phillips, Circuit Executive
     Patricia Connor, Clerk-4th Circuit
     Felicia Cannon, Clerk-DMD
     Teresa Deppner, Clerk-SDWV

DESIGNATION OF A SENIOR UNITED STATES JUDGE
FOR SERVICE IN ANOTHER DISTRICT WITHIN THE CIRCUIT

———————————————

   WHEREAS, in my judgment the public interest so requires:
Now, therefore pursuant to the authority vested in me by Title
28, United States Code, Section 294(c), I do hereby designate
and assign the Honorable David A. Faber, Senior United States
District Judge for the Southern District of West Virginia, to
hold a district court in the District of Maryland in the case of
William C. Bond v. Johnny L. Hughes et al., No. 1:16-cv-2723,
filed July 29, 2016, and for such time as needed in advance to
prepare and thereafter as required to complete unfinished
business in the matter.

                                          Chief Judge
                                          Fourth Circuit

Dated   August 11    , 2016

**EXHIBIT 2**