UNITED STATES COURT OF APPEALS

for the

FOURTH CIRCUIT

"In re: William C. Bond"   No.: 17-1955

\*
\*
\*   \*   \*   \*   \*   \*   \*   \*   \*

## MOTION TO ALLOW RICHARD A. POSNER, ESQUIRE, TO APPEAR AS "ADVISORY COUNSEL" ON BEHALF OF PETITIONER WILLIAM C. BOND

Comes now petitioner *pro se*, William C. Bond, under FRAP 2, FRAP 21(b) and Local Rule 21(b), Local Rule 34(b), FRAP 46 and Local Rule 46(a)(b)(d) & (f), and FRAP 47(b), and if not other rules, and states:

1. Richard A. Posner, Esquire, retired from the U.S. Court of Appeals for the 7th Circuit on September 2, 2017, after more than 35 years of judicial service to the

United States of America.[1]

2. The reason Mr. Posner gave for his retirement was his concern over the plight and circumstances of *pro se* litigants.[2]

3. Mr. Posner's retirement drew much attention.

4. Many news stories were written about Mr. Posner's retirement, with one reporting the following statement:

> "**I feel equipped to make a difference**," Posner told the *ABA Journal*, adding that he "would be glad to help out, whether as serving as a lawyer for pro se's or providing

---

[1] Mr. Posner first served the United States as a law clerk to Supreme Court of the United States Justice William J. Brennan, Jr. and then as an attorney advisor to then Federal Trade Commission Chairman Philip Elman. Following that, for the next three (3) years, 1965-1968, Mr. Posner was an Assistant to the Solicitor General of the United States, primarily under U.S. Solicitor General Thurgood Marshall. In 1968, he left that office to join the faculty of Stanford Law School. In 1969, he left Stanford to join the faculty of the University of Chicago Law School, where he has remained through today, concurrent with his just ended U.S. circuit judgeship.

[2] Please see this *New York Times* story: **"An Exit Interview With Richard Posner, Judicial Provocateur,"** by Adam Liptak, dated September 11, 2017: https://www.nytimes.com/2017/09/11/us/politics/judge-richard-posner-retirement.html?_r=1

      advice to them, or finding lawyers for them."[3] (Emphasis added.)

5. Reportedly, as recounted in the above-cited news story, many public groups and individuals, numbering in the 100's, attempted to solicit Mr. Posner's help.

6. Therefore, this petitioner is humbled and honored to have gained Mr. Posner's help.

7. On October 4, 2017, by email and FedEx, Mr. Posner wrote to U.S. Fourth Circuit Chief Judge Roger L. Gregory, with copies to the parties, a letter on behalf of petitioner, voicing his opinion about petitioner's pending mandamus action and concerns about the underlying litigation.

8. Since that letter, Mr. Posner and this petitioner have continued their correspondence, and Mr. Posner has expressed to petitioner his willingness to enter

---

[3] Please see this *ABA Journal* news story: **"Posner says he is open to litigating on behalf of pro se litigants, defends book,"** by Debra Cassens Weiss, dated September 26, 2017: http://www.abajournal.com/news/article/posner_says_he_is_open_to_litigating_on_behalf_of_pro_se_litigants_defends

3

this mandamus action to help petitioner in any and/ or all ways possible.

9. Toward that end, Mr. Posner, a member in good standing of the New York State Bar with an unblemished record & also as a retired U.S. judge with more than 35 years of appellate court service,[4] has asked the clerk of this court to 'waive him in' as member of this court's bar so that he can participate in this case.

10. On information and belief, Mr. Posner made his request via telephone to U.S. Fourth Circuit Chief Deputy Clerk Mark Zanchelli on Monday, October 16, 2017, and his request was not granted. This motion follows and attempts to both clarify the specific request and to gain the court's designation of Mr. Posner as "advisory counsel" in this case.

11. FRAP 46 and Local Rule 46 cover attorney admissions. Local Rule 46(a)(b)(d) &(f) must be read together when analyzing this motion.

12. Local Rule 34(b) covers the court's "informal briefing" schedule and the

---

[4] In addition, Mr. Posner also has extensive experience over decades, sitting by designation in district courts, as a trial judge in civil, criminal, and motions actions.

subject of appointment of counsel to *pro se* litigants.

13. FRAP 2 and FRAP 47(b) cover the court's suspension of its rules for "good cause" and states that "A court of appeals may regulate practice in a particular case in any manner consistent with federal law, these rules, and local rules of the circuit."

14. This mandamus action is "factually loaded."

15. Petitioner knows the facts of this matter very well.[5]

16. Petitioner also well-knows that he needs the advice and opinions of an expert litigator, in real time.

17. Mr. Posner has affirmed that he is willing and able to help and assist petitioner *pro se* in this litigation, in all ways, including the drafting of filings and preparing

---

[5] While petitioner believes that the legal arguments regarding this mandamus action are relatively straightforward, the underlying facts as recounted in the Second Amended Complaint filings are extensive. See, 16-cv-02723-DAF (D. Md.) At docket nos.: 26 & 28.

petitioner for *pro se* oral argument. Further, Mr. Posner affirms that he will sign, as "advisory counsel," all future filings of petitioner in this mandamus action.[6]

18. In sum, petitioner requests that the court allow him to remain *pro se* with Local Rule 34(b) informal briefing privileges, but with Mr. Posner to be listed upon the docket as "advisory counsel," with all the commitments as listed above.

19. Petitioner believes that the court's rules allow the court to modify Local Rule 46(d) to include, for this case, "advisory counsel." Further, Petitioner believes he has showed "good cause" under FRAP 2; and, also, that it is clearly in the interest of justice and a clear matter of great public import because of the *pro se* aspects that the court modify the rules in this case under FRAP 47(b).

20. Finally, petitioner wishes to advise the court that promptly upon Mr. Posner's designation and/or admission by the court to represent petitioner as "advisory counsel" an appropriate motion for substantive relief would then be filed.

---

[6] Please see: Exhibit no.: 1, Affidavit of Richard A. Posner.

21. Petitioner contacted opposing counsel under Local Rule 27(a) and was informed that the government will not consent in advance and that they will review the filing before determining how to respond.

WHEREFORE, for the aforementioned reasons, petitioner prays the court grants the requested relief expeditiously.

Respectfully submitted,

                              /s/
                            _____
                            WILLIAM C. BOND
                                *Pro Se*
                                P.O. Box 4823
                                Baltimore, Maryland 21211
                                (443) 970-2887
                                proselitigator@aol.com

### **CERTIFICATE OF FILING AND SERVICE**

    I HEREBY CERTIFY that on the 17th day of October 2017, copies of Petitioner's **MOTION TO ALLOW RICHARD A. POSNER, ESQUIRE, TO APPEAR AS "ADVISORY COUNSEL" ON BEHALF OF PETITIONER WILLIAM C. BOND** were served by Email to: **ALLEN F. LOUCKS**, AUSA, U.S. Attorney's Office, District of Maryland, 36 S. Charles Street, 4th Floor, Baltimore, Maryland 21201, allen.loucks@usdoj.gov; and to: **MATTHEW P. PHELPS**, AUSA, U.S. Attorney's Office, District of Maryland, 36 S. Charles Street, 4th Floor, Baltimore, Maryland 21201, matthew.phelps@usdoj.gov; and by

Email to: **MARK ZANCHELLI**, Chief Deputy Clerk, U.S. Court of Appeals for the Fourth Circuit, 1100 East Main Street, Suite 501, Richmond, Virginia 23219, 4cca-filing@ca4.uscourts.gov.

/s/
_____
WILLIAM C. BOND